Judge Nicholas
delivered the Opinion of the Court.
This ¡Es a suit in chancery instituted in 1830, by Mrs. Ralls, to obtain dower out of a tract of land, conveyed by her deceased husband, and which has been in the undisturbed occupancy of his alienees, from and before his death in 1796, till the present time. At his death, his wi-1 ... . dow resided in the state of Virginia, and continued to reside there until about twenty years before the institution of this suit, when she removed to this state. Whether her arrival here was full twenty years before the institution of the suit or not, there is some room to doubt, from the proof. Which way the proof preponderates we shall not determine, as it is not indispensable to a decision of the only [joint presented by the case; that is, the effect to be given to the lapse of time.
Bv reference to the statutes, it will be found, that, from some strange omission, the right to dower is not embraced by any clause of the general law of limitation, either of England or this country. Though thirty four years had elapsed at the time of bringing this sidt, from the accrual of the right, we can find no warrant for saying she was barred of her remedy at law. Whether she is barred of this remedy by hill in equity, is a different question, which, so far as we can ascertain, has not here- . tofore been distinctly presented and determined either here or in England. The course of modern adjudications, however, indicates, as we think, very distinctly, how it must be determined in both countries.
It is well settled, that where the remedies are concurrent, and there is a legal bar, it applies equally in chancery, and where the remedy is exclusively in chancery, if there would have been a bar at law, provided *408 the right had been a legal, not an equitable one, the suit in chancery will be liable to the same bar. But this is not ^ie extent to which the decisions have gone, An attentive examination of the cases will show, that the chancellor has adopted for himself, a rule, in analogy to the limitation of the right of entry, which makes the lapse of twenty years an universal bar to every spe. cies of demand pursued in his court, with the exception of express continuing trusts and fraud. We do not purpose to go through a detailed statement, or even citation of those cases. To do so, at this day would be both tedious and unprofitable. We shall content ourselves with referring to the often before quoted language of Lord Redesdale, in the leading case of Hovenden vs. Annesley, 2 Scho. and Lef. “ Every new right of action in equity that accrues to a party, whatever it may be, must be acted upon at the utmost within twenty years.” This position has been recognised as sound, and cited with approbation by this court, in the leading case of Reed &c. vs. Bullock., Litt. Sel. Ca. 512, by the supreme court, in Elmendorf vs. Taylor, 10 Whea. and by Chancellor Kent, in Kaine vs. Bloodgood, 7 John. In Reed vs. Bullock, it was further said by this court, “that courts of equity from their first institution, had discountenanced stale claims and have always refused their aid to those who have supinely and negligently slept upon their titles. As soon as the statute of limitations of James I. was made, they eagerly adopted the limitations .it prescribes, and it has long since become the settled rule of decisions in those courts. And as that statute has limited the time of making an entry upon land to twenty years, subject to certain exceptions, so courts of equity have invariably refused to sustain an equitable title where the cause of action accrued more than twenty years before suit brought, subject to the like exceptions.”
This language of our predecessors is so apposite, and so conclusive of the question before us, that we preferred citing and adopting it, to clothing the same idea in terms of our own. The result is, that courts of equity not merely adopt the time prescribed by the statute, in *409 All cases where it applies expressly or by analogy, but ■even in those for which it has made no provision, on •the general principle that vigilance and activity are necessary to call forth the extraordinary powers of the court, and that where a party has slept upon his claim for twenty years, good policy requires he should be left to his common law remedy. Concurring entirely in the wisdom of the policy that dictated the rule, we are so far from feeling any disposition to disregard or evade it for any purpose, that we should have felt inclined to originate it, if it had never heretofore been adopted.
Purposes of uniformity and conformity dictate the propriety of mating all the exceptions contained in the statute a part of the rule. This would give the complainant only ten years after coming to this state, which was the removal of her first disability, even if the act of 1796 be taken as the test of disability, and the length of time allowed in consequence of it. Hence it is immaterial, as before remarked, to determine upon the proof, whether she had been twenty years in the state before the institution of her suit or not.
She might have been allowed ten years though the whole twenty had elapsed before coming to this state, for such are the terms of the act, but they have never been construed to give the twenty and ten years both complete where the disability was removed before the expiration of the twenty. On the contrary, wherever the ten added to the time previously expired make twenty, the bar is fixed.
The decree dismissing the bill must be affirmed with costs. »