Case 44.

## Kinsolving *vs.* Pierce.

Pet. Eq.

### APPEAL FROM LYON CIRCUIT.

1. The law prohibits the sale and conveyance of land while in possession of another claiming to hold adversely to the vendor. (*Rev. Statutes*, 164 ) This applies to sales of dower claims of widows.

2. A purchaser from the husband who purchased expressly, subject to the wife's inchoate right of dower, or who does recognize the widow's right to dower in the lands purchased after the death of the husband, will be regarded as holding consistently with the widow's right to dower.

3. But when a purchaser from the husband denies the dower right of the widow, and claims the land as his own, his possession is adverse to the vendor and all persons claiming under him.

4. A widow's right to dower accrues upon the death of the husband, and she will be barred by the operation of the statute of limitation if she fail to sue within the time allowed by law.

[The facts are set out in the opinion of the court. Rep.]

*M. M. Tyler & W. H. Miller*, for appellant—

The appellant seeks a reversal of the judgment of the circuit court, in this cause, upon one point alone. The defendant relies upon the statute of champerty, which the appellant conceives does not apply in the case. The statute of champerty applies only to the sale of lands held in adverse possession, by another person, at the time of the sale. (See *2nd section chapter* 12, *Revised Statutes, page* 164.) In this case, the defendant had not the adverse possession required by the statute. He holds the land by conveyances direct from James L. Priest, the husband of Deborah Priest, who conveyed her dower interest to the appellant, and the statute of champerty cannot apply to sales of dower interest, where the occupant claims under the husband of the doweress. Such holding by an occupant is not adverse to the widow, as he purchases the land subject to all the widow's rights, and both claim through one common source.

We ask a reversal.

*R. W. Wake*, for appellee—

In this cause the appellee, P. Pierce, relies on the statute of champerty, (*Revised Statutes, page* 164;) and the evidence transmitted shows plainly that at the time of the sale and conveyance by Priest to James Kinsolving, appellee, Pierce was in the possession of the land so sought to be conveyed, and had the *peaceable* and *adverse* possession for some time prior to said sale; that the said possession of Pierce was adverse to appellant, Mrs. Priest, and all the world, " and that appellant knew of said adverse possession of appellee." In aid of said statute appellee refers to the case of *Ball vs. Lively*, 1 *Dana, page* 67.

In view of the authority, as above referred to, and the facts as transmitted, appellee asks that the judg-

ment of the circuit court by which said sale was decided to have been champertous, be affirmed, &c.

Feb. 1, 1858.

Judge SIMPSON delivered the opinion of the court.

The only question presented for our determination in this case is, can the purchaser of a widow's right of dower, in lands which were alienated by her husband in his lifetime, maintain an action in his own name, against the alienee in possession, who is holding and claiming the lands as his own?

The conveyance of the widow's right of dower was executed in May, 1854. The husband's deeds to his alienee had been made many years previously.

**1. The law prohibits the sale and conveyance of land while in the possession of another claiming to hold adversely to the vendor. (Rev. Stat. 164.) This applies to sales of dower claims of widows.**

The law prohibits the sale and conveyance of any lands, or the pretended right or title to the same, of which any other person, at the time of such sale, has adverse possession, and declares every such sale and conveyance absolutely null and void. (*Revised Statutes, page* 164.)

It is however, contended, that the possession of the vendee of the husband is not adverse to the dower-claim of the widow of his vendor, that the rights of both are derived from the same source, and that he holds the land subject to her right of dower.

**2. A purchaser from the husb'd who purchased expressly, subject to the wife's inchoate right of dower, or who does recognize the widow's right to dower in the lands purchased after the death of the husband, will be regarded as holding consistently with the widow's right to dower.**

The purchaser from the husband may by express contract, purchase subject to the wife's contingent right of dower, and in such a case his holding would be presumed to be consistent with the terms of his purchase until he manifested his intention, by open and notorious acts, after her right accrued, to hold in opposition to it, and thus render his possession adverse; or, in the absence of such an express agreement, he may, after the death of the husband, recognize the right of the widow to dower, and thus make his possession amicable, by holding subject to her claim.

**3. But where a purchaser from the husband denies the dower**

But where, as in the present case, he denies her right, and claims and holds the land as his own, his possession is not only adverse to his vendor, but to all persons claiming under him. The widow's right

of action accrues upon the death of her husband, and unless the possession be expressly held, subject to her claim, by the vendee, her right of action will be barred by the statute of limitations, if she fail to sue within the time allowed by law. This effect is produced because the possession of the vendee, under an executed contract, nothing appearing to the contrary, is regarded, in law, as adverse to all claimants. If, as contended, the possession must in all cases be deemed to be held by the vendee subject to her right of dower in the lands aliened by her husband in his lifetime, the consequence would be, that her claim might be asserted at any time, and would not come within the operation of the statute of limitations in any state of case, although it has been held that her claim for dower will be barred unless it be acted on within the time allowed by the statute in analogous cases. (*Ralls vs. Hughes and Hedges*, 1 *Dana*, 407.)

In our opinion, therefore, the purchase in this case is expressly embraced by the statute against champerty, and is obviously against the policy of the law.

Wherefore, the judgment of the circuit court dismissing the plaintiff's petition is *affirmed*.

right of the widow, and claims the land as his own, his possession is adverse to the vendor and all persons claiming under him.

4. A widow's right to dower accrues upon the death of the husband, and she will be barred by the operation of the statute of limitation if she fail to sue within the time allowed by law.